# EXHIBIT A

VINCENT TANCREDI
2375 E. Tropicana Ave. #338
Las Vegas, Nevada 89119
(702) 742-4561

Plaintiff.

MICHAEL K. JEANES
Clerk of the Superior Court

By MARIAM MCTAGGART, Deputy
Date 07/28/2009 Time 01:16 PM
Description      Qty      Amount
-------- CASE# CV2009-092715 --------
CIVIL NEW COMPLAINT  001      301.00

TOTAL AMOUNT                  301.00
Receipt# 00011138094

# MARICOPA COUNTY SUPERIOR COURT
# IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| VINCENT TANCREDI,<br>individual capacity, | Case No. CV2009-092715 |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**FOR DAMAGES** |
| SOVEREIGN BANK et., al; and,<br>SOVEREIGN BANCORP et., al: and,<br>SANTANDER BANCORP et., al: and,<br>BANCO SANTANDER et., al; and, | *[Breach of Contract;*<br>*Unlawful and Unfair*<br>*Trade Practices; The*<br>*Implied Covenant of* |
| BLACK CORPORATIONS I-XX; and,<br>WHITE PARTNERSHIPS I-XX; and,<br>DOES I-XX; and,<br>Other possible respondents, | *Good Faith and*<br>*Fair Dealings; Breach*<br>*of Peace: Unfair*<br>*Collection Practices]* |
| Defendants. | <u>JURY TRIAL</u><br><u>respectfully DEMANDED</u> |

**COMES NOW**, Plaintiff, Vincent Tancredi, brings this action on behalf of himself, and alleges as follows, against the above-listed Defendants inclusive. The allegations are based upon information, belief, and upon personal knowledge, formed after an inquiry reasonable under the circumstances, and which additional allegations are likely to have evidentiary support after appropriate investigation and discovery. This is a action for damages brought by Plaintiff, for: Defendant's abusive, deceptive, and unfair trade practices, and unfair collection practices.

### *JURISDICTION AND VENUE*
#### I.

Venue in this Court is proper in that the Defendants transact business here and the conduct complained of occurred here.

This Court has jurisdiction over the claims asserted and each of the Defendants because each are individuals, associations, or corporations that are either based in, authorized or registered to conduct, or in fact do conduct, substantial business in Maricopa County. Each of the Defendants has sufficient minimum contacts with Maricopa County, or otherwise intentionally avail themselves of the markets within this County. Defendants received substantial compensation and profits from the sale of their products and services in Maricopa County, caused misrepresentations to be disseminated, entered into agreements and transactions and/or breached agreements within this County. Thus, defendants' liability arose within Maricopa County.

### PARTIES
#### II.

Plaintiff, **Vincent Tancredi** is a natural person, residing in, and doing business in, Maricopa County,  Mesa, Arizona, and Las Vegas Nevada.

#### III.

Defendant, **Sovereign Bank**, is a foreign corporation, with its principal place of business: Reading, PA. Defendant, **Sovereign Bank**, does, business in the State of Arizona. Defendant, **Sovereign Bank**, markets, advertises, and sells Vehicle Finance Services and Banking, in the State of Arizona. Defendant, **Sovereign Bank**, signs and employs sales associates and other employees as agents, located in Arizona. Defendant, **Sovereign Bank** is a foreign corporations, organizations or other legal or defacto entities, which have caused events to occur in Maricopa County and which own, direct, operate

and control and/or are the alter ego of various subsidiary and/or wholly owned finance

companies, including Defendant, **Sovereign Bank**. Defendant, **Sovereign Bank**, is in

part responsible for the wrongful conduct at issue herein.

Defendant, **Sovereign BanCorp**, is a foreign corporation, with its principal

place of business: Reading, PA. Defendant, **Sovereign BanCorp**, does, business in the

State of Arizona. Defendant, **Sovereign BanCorp**, markets, advertises, and sells Vehicle

Finance Services and Banking, in the State of Arizona. Defendant, **Sovereign BanCorp**,

signs and employs sales associates and other employees as agents, located in Arizona.

Defendant, **Sovereign BanCorp** is a foreign corporations, organizations or other legal or

defacto entities, which have caused events to occur in Maricopa County and which own,

direct, operate and control and/or are the alter ego of various subsidiary and/or wholly

owned finance companies, including Defendant, **Sovereign BanCorp**. Defendant,

**Sovereign BanCorp**, is in part responsible for the wrongful conduct at issue herein.

Defendant, **Santander BanCorp** [aka: Banco Santander], is a foreign

corporation, with its principal place of business: Hato Rey, PR; Defendant, **Santander**

**BanCorp** does, business in the State of Arizona. Defendant, **Santander BanCorp**,

markets, advertises, and sells Vehicle Finance Services and Banking, through **Sovereign**

**Bank**, in the State of Arizona. Defendant, **Santander BanCorp**, signs and employs sales

associates and other employees as agents, located in Arizona. Defendant, **Santander**

**BanCorp** is a foreign corporations, organizations or other legal or defacto entities, which

have caused events to occur in Maricopa County and which own, direct, operate and

control and/or are the alter ego of various subsidiary and/or wholly owned finance

companies, including Defendant, **Santander BanCorp**. Defendant, **Santander**

BanCorp, is in part responsible for the wrongful conduct at issue herein.

IV.

At all times alleged herein, Defendants, were acting as an actual, implied, apparent or ostensible agent and/or was engaged in joint venture or joint enterprise, and, for that reason, all above-referenced Defendants are liable for the actions or inactions of each Defendant as listed and above-referenced.

Whenever this Complaint refers to any act or acts of Defendants, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, controlling companies or agents of the responsible defendant authorized such act while actively engaged in the management, direction or control of the affairs of Defendants, and each of them, and/or by persons who are the alter ego of Defendants, or while acting within the scope of their agency, affiliation, control or employment. Whenever this Complaint refers to any act of Defendants, the reference shall be deemed to be the act of each Defendant, jointly and severally.

V.

Upon information and belief, each of the Defendants designated herein as **Black Corporations I –XX, White Partnerships I – XX, and, Does I – XX, inclusive,** are legally entities, partnerships, persons, agents, servants and/or employees responsible in some manner for the events and happenings herein alleged, and the Plaintiff's damages herein were proximately caused by such Defendants, out of which Plaintiff's Complaint arises. When the true names of such persons, agents, employees, corporations, partnerships, associates and/or entities become known to plaintiff, Plaintiff will ask leave of court to amend this complaint to reflect such true names, together with appropriate charging allegations.

The true names, conduct and capacities of the Defendants, inclusive, are presently unknown to plaintiff who, therefore, sues these defendants by such fictitious names. Plaintiff will include these **Doe Defendants'** true names and capacities when they are ascertained. Each of the fictitiously named Defendants is responsible in some manner, including, aiders and abettors or co-conspirators, for the conduct alleged herein and for the injuries suffered by the Plaintiff.

At all times mentioned in the Cause of Action, alleged herein, each and every Defendant was an agent, representative, affiliate, controlling party or employee of each and every other defendant, and in doing the things alleged in the Cause of Action stated herein, each and every defendant was acting within the course and scope of such agency, representation, affiliation, control or employment and was acting with the consent, permission and authorization of the other Defendants. During the relevant time period, these entities act in concert, and each of these Defendants agreed either in words or conduct to misrepresent, about the scope and nature of the illegal business practices detailed herein, thus engaging in a conspiracy that resulted in injury to Plaintiff, Tancredi. All actions of each Defendant, as alleged in the Cause of Action stated herein, were ratified and approved by the other defendants or their respective directors, officers and/or managing agents, as appropriate for the particular time period alleged herein.

## GENERAL ALLEGATION

### VI.

Plaintiff re-affirms and incorporates herein by reference the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

### VII.

On or about September, 2006, Plaintiff, purchased a 2007 Mercedes-Benz, from Schumacher European. Purchase Price was in the amount of $32,525. Tancredi paid $4,500.00 as a down payment, and financed $31,960 with Sovereign Bank. As agreed by both parties, the monthly payment was in the amount of $576 for a term of 72 months.

### VIII.

Through October 2007, Plaintiff, Tancredi paid Sovereign Bank approximately $7,225.00 in total monthly payments, plus a $4,500 down-payment (total paid to Defendant, Sovereign Bank through this date, $12,525) on the above-referenced vehicle loan.

### IX.

On or around October 31,2007 Plaintiff, Tancredi requested a Payment Amount Due from Defendant, Sovereign Bank, along with a Request for Forbearance for the above-referenced account. At that time, Plaintiff spoke with Tina, in the Sovereign Auto Department, and was told that the Forbearance information would be sent out to Plaintiff, for signature. Evidently, Plaintiff's previously monthly payment, in the amount of $580.00 for the month of September/October had been lost. Plaintiff had been told at that time, that a Payment in the amount of $580.00 and an additional one-time charge of $100.00 for Forbearance would be due within the following

10-days, upon receipt of the Forbearance Requested Supplemental paperwork, to be sent back to Defendant, Sovereign Bank with the above-referenced payments. Plaintiff never received the requested paperwork to be signed and sent back to Defendant, Sovereign Bank, with Plaintiff's payments of $580.00 and $100.00 to be enclosed.

On or about November 2007, Defendant, Sovereign Bank ordered that Plaintiff's vehicle be Repossessed by: Camping Companies, an Arizona Collection and Repossession Firm, [hired Agent of Sovereign Bank].

On or About October 2008, Defendant, Sovereign Bank ordered the Collection of Plaintiff's Account to be referred to Progressive Portfolio Management Inc., a Collection Agency, [hired Agent of Sovereign Bank].

On or about May 2009, Defendant, Sovereign Bank ordered that Plaintiff be investigated, and Plaintiff's vehicle be Repossessed by: TK Investigations a California Collection and Investigation Company, [hired Agent of Sovereign Bank].

On or about June 2009, Defendant, Sovereign Bank ordered that Plaintiff be Investigated, and Plaintiff's Vehicle be Repossessed by: SB Investigations a California Investigation Company, [hired Agent of Sovereign Bank].

On or about May 2009, Two (2) Representatives from TK Investigations [while hired as a Collection Agent/Representative by Defendant Sovereign Bank] called on Plaintiff's Father, at Plaintiff's Father's residence, at his home in California, demanding collection of the Vehicle. Throughout the above-referenced timeline, the above-mentioned Collection Agencies have been contacting Friends and Relatives of Plaintiff, discussing the Vehicle situation, and conducting unlawful Collection Activity.

At all times alleged herein, agents/representatives of Defendants [including: Camping Companies, TK Investigations, and SB Investigations], were acting as an actual, implied, apparent or ostensible agent/representatives and/or was engaged in joint venture or joint enterprise, and, for that reason, all above-referenced Defendants are liable for the actions or inactions of each Defendant agents/representatives as listed and above-referenced. Whenever this Complaint refers to any act or acts of Defendants, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, controlling companies, agents, representatives, or agents of the responsible Defendant authorized such act while actively engaged in the management, direction or control of the affairs of Defendants, and each of them, and/or by persons who are the alter ego of

Defendants, or while acting within the scope of their agency, affiliation, control or employment. Whenever this Complaint refers to any act of Defendants, the reference shall be deemed to be the act of each Defendant, jointly and severally.

## FIRST COUSE OF ACTION
### BREACH OF CONTRACT – (Defendant Sovereign Bank)

Plaintiff re-affirms and incorporates herein by reference the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

### X.

On or around October 31,2007 Plaintiff, Tancredi requested a Payment Amount Due from Defendant, Sovereign Bank, along with a Request for Forbearance for the above-referenced account. At that time, Plaintiff spoke with Tina in the Sovereign Auto Department, and was told that the Forbearance information would be sent out to Plaintiff, for signature. Evidently, Plaintiff's previously monthly payment, in the amount of $580.00 for the month of September/October had been lost. Plaintiff had been told at that time, that a Payment in the amount of $580.00 and an additional one-time charge of $100.00 for Forbearance would be due within the following 10-days, upon receipt of the Forbearance Requested Supplemental paperwork, to be sent back to Defendant, Sovereign Bank with the above-

referenced payments. Defendant, Sovereign Bank continues to wrongfully

denied Plaintiff's claim; delay Plaintiff's requested pay-off amounts; delay

Plaintiff's request and acceptance of a forbearance; inadequately

investigated the circumstances surrounding Plaintiff's claim and began

repossession proceedings against Plaintiff.

On or about November 2007, Defendant, Sovereign Bank ordered that

Plaintiff's vehicle be Repossessed by: Camping Companies, an Arizona

Collection and Repossession Firm, [hired Agent of Sovereign Bank].

On or About October 2008, Defendant, Sovereign Bank ordered the

Collection of Plaintiff's Account to be referred to Progressive Portfolio

Management Inc., a Collection Agency, [hired Agent of Sovereign Bank].

On or about May 2009, Defendant, Sovereign Bank ordered that

Plaintiff be investigated, and Plaintiff's vehicle be Repossessed by: TK

Investigations a California Collection and Investigation Company, [hired

Agent of Sovereign Bank].

On or about June 2009, Defendant, Sovereign Bank ordered that

Plaintiff be Investigated, and Plaintiff's Vehicle be Repossessed by: SB

Investigations a California Investigation Company, [hired Agent of

Sovereign Bank].

On or about May 2009, Two (2) Representatives from TK

Investigations [while hired as a Collection Agent/Representative by Defendant Sovereign Bank] called on Plaintiff's Father, at Plaintiff's Father's residence, at his home in California, demanding collection of the Vehicle. Throughout the above-referenced timeline, the above-mentioned Collection Agencies have been contacting Friends and Relatives of Plaintiff, discussing the Vehicle situation, and conducting unlawful Collection Activity.

Repossession against will of the purchaser: **"Breach of the Peace."** The debtor's actual resistance to repossession is enough to convert the seller's otherwise peaceful efforts into a breach of the peace; Repossession going beyond the express or implied consent of the buyer-debtor. "A secured party who insists on taking possession after resistance by the debtor faces the consequences of its use of force...He acts at his peril, and exposes himself to severe potential liability... ." (_Nixon v. Halpin, 620 So.2d 796, 798 (Fla. App.1993))._

Additionally, "When a debtor has not consented to repossession and in fact, has specifically revoked any implied right to such repossession, a creditor is not entitled to the self-help remedy but must pursue a judicial remedy." (_Bloomquest v. First National Bank of Elk River, 378 N.W. 2d 81, 84 (Minn.App.1985))._

Even if the breach of the peace is caused, by the seller, but by the

seller's independent contractor, the seller may be held liable on the theory

that peaceable repossession is a nondelegable duty. (*Nixon v. Halpin, 620 So.2d 796, 798 (Fla. App.1993); Mbank El Passo, NA v. Sanchez, 836S.W.2d 151 (Tex.1992)).*

**Liability for unprivileged repossession:** If the repossessor breaches

the peace in repossessing, he becomes liable for harm done. He certainly

becomes liable for harm to Plaintiff, by way of battery or otherwise, for

damages to other property, and even for conversion of the property he

repossesses. Punitive damages may be awarded when the creditor's behavior

is wrongful in a sufficient serious way. (*Star Bank, NA v. Laker, 637N.E.2d 805 (Ind. 1994): Bloomquest v. First National Bank of Elk River, 378 N.W. 2d 81, 84 (Minn.App.1985)).*

## XI.

On or about November 2007, Defendant, Sovereign Bank ordered that

Plaintiff's vehicle be Repossessed by: Camping Companies, an Arizona

Collection and Repossession Firm, [hired Agent of Sovereign Bank].

On or About October 2008, Defendant, Sovereign Bank ordered the

Collection of Plaintiff's Account to be referred to Progressive Portfolio

Management Inc., a Collection Agency, [hired Agent of Sovereign Bank].

On or about May 2009, Defendant, Sovereign Bank ordered that

Plaintiff be investigated, and Plaintiff's vehicle be Repossessed by: TK

Investigations a California Collection and Investigation Company, [hired

Agent of Sovereign Bank].

On or about June 2009, Defendant, Sovereign Bank ordered that Plaintiff be Investigated, and Plaintiff's Vehicle be Repossessed by: SB Investigations a California Investigation Company, [hired Agent of Sovereign Bank].

On or about May 2009, Two (2) Representatives from TK Investigations [while hired as a Collection Agent/Representative by Defendant Sovereign Bank] called on Plaintiff's Father, at Plaintiff's Father's residence, at his home in California, demanding collection of the Vehicle. Throughout the above-referenced timeline, the above-mentioned Collection Agencies have been contacting Friends and Relatives of Plaintiff, discussing the Vehicle situation, and conducting unlawful Collection Activity.

Sovereign Bank Representatives and Agents abusive, continual and unlawful, contact with friends, family members, and business associates of Plaintiff, regarding the account situation is inexcusable. This violation of both Federal and State "Fair Debt Collection Practices".Statutes should not be tolerated, as prescribed by law. At that time, although Defendant's Representatives and Agents may not be aware of the above-referenced statutes, Defendant was told to be, at all times, professional and conscience

of these prescribed laws while dealing with Plaintiff's account situation.

Plaintiff's damages herein were proximately caused by such Defendants, out of which Plaintiff's Complaint arises. At all times alleged herein, Defendants, were acting as an actual, implied, apparent or ostensible agent and/or was engaged in joint venture or joint enterprise, and, for that reason, all above-referenced Defendants are liable for the actions or inactions of each Defendant as listed and above-referenced.

## XII.

According to rules and regulations, pursuant to: The Arizona Revised Statutes; The Arizona Department of Banking, State Level Consumer Credit Transaction Regulations; The State of Arizona Fair Debt Collections Practices Act; and The Truth in Lending Act, The above-referenced situations are prescribed, protected, and governed, pursuant to Federal and State Statute, and Banking Law. Obligations with respect to disclosure of personal nonpublic information: Each financial institution, (including Defendant Sovereign Bank), has an affirmative and continuing obligation to respect the privacy of its customers, and to protect the security and confidentiality of those customers' nonpublic personal information. The Arizona Banking Commission, along with The Fair Trade Commission, continues to establish appropriate standards for the financial institutions,

protecting the integrity of such records. Failure to protect against

unauthorized access to or use of such records or information which could

result in substantial harm or inconvenience to any customer, is a vital part of

appropriate safeguards. Except as otherwise provided, a financial

institution may not, directly or through any affiliate, disclose to a

nonaffiliated third party any nonpublic personal information.

## XIII.

Defendants' acts as described above were done intentionally, to the

detriment of Plaintiff. Defendants made false, misleading and deceptive

misrepresentations to Plaintiff, Tancredi, by neglecting to inform Plaintiff

of Defendants' willful and intentional unlawful practices. The fraudulent

misrepresentations, omissions and concealments made by Defendants

were known and deliberate, and were purposefully designed to harm

Plaintiff, Tancredi.

## PRAYER
## IXV.

It has become necessary for Plaintiff to incur reasonable attorneys'

fees and Court costs in bringing this action, which Plaintiff is entitled to

recover from Defendants Pursuant to the terms of the contract or,

alternatively, A.R.S. SS 12-341.01 and 12-341, respectively. As a result

Defendants' breach of contract, Plaintiff is entitled to judgment against the

Defendants as follows:

1.    For Plaintiff's compensatory damages as proved at trial;

2.    For Plaintiff's costs and expenses incurred herein;

3.    For Plaintiff's attorneys fees incurred pursuant to A.R.S. SS 12-341.01; and

4.    For such other and further relief as the court deems just and proper.

## SECOND CAUSE OF ACTION
### BREACH OF PEACE: Repossession against will of Purchaser – (Defendant Sovereign Bank)

Plaintiff re-affirms and incorporates herein by reference the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

XV.

On or about November 2007, Defendant, Sovereign Bank ordered that Plaintiff's vehicle be Repossessed by: Camping Companies, an Arizona Collection and Repossession Firm, [hired Agent of Sovereign Bank].

On or About October 2008, Defendant, Sovereign Bank ordered the Collection of Plaintiff's Account to be referred to Progressive Portfolio Management Inc., a Collection Agency, [hired Agent of Sovereign Bank].

On or about November 2007, Defendant, Sovereign Bank ordered that Plaintiff's vehicle be Repossessed by: Camping Companies, an Arizona Collection and Repossession Firm, [hired Agent of Sovereign Bank].

On or About October 2008, Defendant, Sovereign Bank ordered the Collection of Plaintiff's Account to be referred to Progressive Portfolio Management Inc., a Collection Agency, [hired Agent of Sovereign Bank].

On or about May 2009, Defendant, Sovereign Bank ordered that Plaintiff be investigated, and Plaintiff's vehicle be Repossessed by: TK Investigations a California Collection and Investigation Company, [hired Agent of Sovereign Bank].

On or about June 2009, Defendant, Sovereign Bank ordered that Plaintiff be Investigated, and Plaintiff's Vehicle be Repossessed by: SB Investigations a California Investigation Company, [hired Agent of Sovereign Bank].

On or about May 2009, Two (2) Representatives from TK Investigations [while hired as a Collection Agent/Representative by Defendant Sovereign Bank] called on Plaintiff's Father, at Plaintiff's Father's residence, at his home in California, demanding collection of the Vehicle. Throughout the above-referenced timeline, the above-mentioned Collection Agencies have been contacting Friends and Relatives of Plaintiff, discussing the Vehicle situation, and conducting unlawful Collection Activity.

XVI.

Fair Debt Collection Practices: The State of Arizona adopts the Federal Fair Debt Collection Practices Act, pursuant to the Arizona Revised Statutes.

The Arizona Revised Statutes, Chapter 9, Article 1: Collection Agencies.

32-1001. Definitions: 2. ""*Collection Agency" means: (a) All persons engaged directly or indirectly in soliciting claims for collection or in collection of claims owed, due or asserted to be owed or due,* (b) *Any person who, in the process of collecting debts occurring in the operation of his own business, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.*"

32-1021. Original Application for License; financial statement; bond; definition. (A). *"A person desiring to conduct a collection agency shall make an original application to the department upon forms prescribed by the superintendent setting forth verified information to assist the superintendent in determining the applicants ability to meet the requirements of this chapter.* (B) 2. *A bond in the form provided in section 32-1022, computed on a base consisting of the gross annual income of the licensee generated from all business transacted in this state by the licensee during the preceding year, in the amounts as follows: $10,000, $15,000, $25,000, or $35,000.... (D). For the purpose of this section, "all business transacted in this state" includes: 1. The collection of debts from debtors who reside in this state, regardless of where the licensee is located...."*

32-1024. The Licensing Out-of-State Agents. *"The superintendent shall issue a license to operate a collection agency to a person who holds and presents with the person's application a valid and subsisting license to operate a collection agency issued by another state or an agency of another state if: (1). Requirements for securing the license were, at the time of issuance, substantially the same or equal to requirements imposed by this chapter....(3). The application is accompanied by the fees and financial and bonding requirements set forth in this chapter."*

32-1051. Duties of Licensees. *"an individual, firm, partnership, association or corporation to whom a license is to be issued under this chapter shall: 1. Meet the financial responsibility and bonding requirements of this chapter.... (3). Deal openly, fairly and honestly in the conduct of the*

*collection agency business. (4). ...nor shall any licensee engage in any unfair or misleading practices or resort to any oppressive, vindictive or illegal means or methods of collection."*

32-1055. Unlawful Acts. (A). *"It is unlawful for a person to conduct a collection agency in this state without having first applied for and obtained a license under this chapter. (5). Aid or abet, directly or indirectly, any person, persons or organizations in evading or violating any of the provisions of this chapter."*

32-1056. Violation; Classification. (A). *"A person operating a collection agency without a license shall be guilty of a class 1 misdemeanor. (B). A licensee violating the provisions of section 32-1055 or the rules and regulations adopted pursuant to this chapter shall be subject to revocation of license and shall be guilty of a class 1 misdemeanor."*

## XVII.

Additionally, **Repossession against will of the purchaser: "Breach of the Peace."** The debtor's actual resistance to repossession is enough to convert the seller's otherwise peaceful efforts into a breach of the peace; Repossession going beyond the express or implied consent of the buyer-debtor. "A secured party who insists on taking possession after resistance by the debtor faces the consequences of its use of force...He acts at his peril, and exposes himself to severe potential liability... ." *Nixon v. Halpin, 620 So.2d 796, 798 (Fla. App. 1993).*

Also, "When a debtor has not consented to repossession and in fact, has specifically revoked any implied right to such repossession, a creditor is not entitled to the self-help remedy but must pursue a judicial remedy." *Bloomquest v. First National Bank of Elk River, 378 N.W. 2d 81, 84 (Minn. App. 1985).*

Even if the breach of the peace is caused, by the seller, but by the seller's independent contractor, the seller may be held liable on the theory that peacable repossession is a nondelegable duty, *Nixon v. Halpin, 620 So.2d 796, 798 (Fla. App. 1993); Mbank El Passo, NA v. Sanchez, 836 S. W. 2d 151 (Tex. 1992).*

**Liability for unprivileged repossession:** If the repossessor breaches the peace in repossessing, he becomes liable for harm done. He certainly becomes liable for harm to Plaintiff, by way of battery or otherwise, for damages to other property, and even for conversion of the property he repossesses. Punative damages may be awarded when the creditor's behavior is wrongful in a sufficient serious way. *Star Bank, NA v. Laker, 637 N.E.2d 805 (Ind. 1994); Bloomquest v. First National Bank of Elk River, 378 N.W. 2d 81, 84 (Minn.App.1985).*

XVIII.

Furthermore, Sovereign Bank Representatives and Agents abusive, continual and unlawful, contact with friends, family members, and business associates of Plaintiff, regarding the account situation is inexcusable. This violation of both Federal and State "Fair Debt Collection Practices" Statutes should not be tolerated, as prescribed by law. At that time, although Defendant's Representatives and Agents may not be aware of the above-referenced statutes, Defendant was told to be, at all times, professional and conscience of these prescribed laws while dealing with Plaintiff's account situation.

Defendants' acts as described above were done intentionally, to the detriment of Plaintiff. Defendants made false, misleading and deceptive misrepresentations to Plaintiff, Tancredi, by neglecting to inform Plaintiff of Defendants' willful and intentional unlawful practices. The fraudulent misrepresentations, omissions and concealments made by Defendants were known and deliberate, and were purposefully designed to harm

Plaintiff, Tancredi.

PRAYER
IXX.

It has become necessary for Plaintiff to incur reasonable attorneys' fees and Court costs in bringing this action, which Plaintiff is entitled to recover from Defendants Pursuant to the terms of the contract or, alternatively, A.R.S. SS 12-341.01 and 12-341, respectively. As a result Defendants' Breach of Peace, Plaintiff is entitled to judgment against the Defendants as follows:

5.   For Plaintiff's compensatory damages as proved at trial;

6.   For Plaintiff's costs and expenses incurred herein;

7.   For Plaintiff's attorneys fees incurred pursuant to A.R.S. SS 12-341.01; and

8.   For such other and further relief as the court deems just and proper.

### THIRD CAUSE OF ACTION
**UNLAWFUL AND UNFAIR TRADE PRACTICES: Bad Faith Breach of Contract, The Implied Covenant of Good Faith and Fair Dealings – (Defendant Sovereign Bank)**

Plaintiff re-affirms and incorporates herein by reference the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

XX.

Throughout their course of dealing with Plaintiff Tancredi, Defendant,

Sovereign Bank owed Plaintiff a duty of good faith and fair dealing in the handling of his account and claim under the Agreed Contract. The duty of good faith and fair dealing owed by the Defendants required the Defendants to conduct themselves in a fair, reasonable, objective, timely, and honest fashion at all times throughout the account and claim handling process.

**Bad Faith Breach of Contract, The Implied Covenant of Good Faith:** Contracting Parties are under a duty to act in good faith so as not to deprive the other party of the benefits expressly or implicitly allocated to him by the contract and contemplated by the parties. Every contract "imposes" the duty [implied covenant] of good faith and fair dealings. The duty of good faith as also tied to some specific contract provision. In lender liability cases, courts have found surprisingly concrete duties of good faith that appear to be a variance with the contract. tort rather than contract liability may be warranted in such cases to prevent Defendant's opportunistic behavior. (*Campbell v. Westdahl, 148 Ariz. 432, 715 P.2d 288 (1985); Wagenseller v. Scottsdale Mem. Hosp., 147 Ariz. 370, 710 P.2d 1025 (1985)).*

The solicitation, misrepresentations, coercion, concealments, harassments, and omissions by Defendants were material, in that Plaintiff reasonably relied upon such misrepresentations, concealments, harassments, and omissions to his detriment. As a direct and proximate result of

Defendants' fraudulent solicitations, misrepresentations, coercion, concealments and omissions, Plaintiff has been damaged in an amount to be determined at trial. As a result of the reckless and/and negligent misrepresentations and/or omissions by Defendants, Plaintiff was induced into the disputed, unfair and unlawful actions and claims of Defendants. As a direct and proximate result of the negligent solicitations, misrepresentations and/or omissions by Defendants, Plaintiff has incurred actual and compensatory damages in an amount to be proven at trial.

### XXI.

Defendant's actions were outrageous and designed with the intent to harm Plaintiff or with reckless indifference to certainty that such would result. As a direct and proximate result of these unfair and deceptive practices, Plaintiff, Tancredi has been damaged as alleged herein, in an amount to be proven at trial, which amount includes; pre-judgment and post judgment interest, attorney fees and costs, pain and suffering, monies for compensatory damages, and loss of possessions. Plaintiff, Tancredi, is entitled to judgment against Defendants, separate, jointly and severally.

### XXII.

Defendant, Sovereign Bank, breached the covenant of good faith and fair dealing and acted in bad faith toward plaintiff by engaging in, at a

minimum, the following unreasonable conduct:

1.  Delaying the resolution and payment of Plaintiff's account and claim;

2.  Failing to acknowledge and act reasonable and promptly upon communications with respect to claims arising under the agreed contract;

3.  Forcing and compelling plaintiff to incur professional fees and expenses to assert his rights under the consumer contract;

4.  Refusing to assist Plaintiff's claim without conducting a reasonable investigation based upon all available information;

5.  Failing to give at least equal consideration to the interests of their consumer;

6.  Looking out for their own financial and self serving interests throughout the account and claim handling process;

7.  Deceiving and misleading plaintiff in the handling of his account and claim;

8.  Misrepresenting Contract provisions at issue; and

9.  Engaging in a pattern of unreasonable and deceitful conduct involving not only Plaintiff's account and claim, but also the account and claims of other consumers of the Defendants' for many years past.

## XXIII.

Defendants further breached their duty of good faith and fair dealing owed to the Plaintiff through a course of conduct that involved unreasonable delay, inadequate, improper and untimely investigation, misrepresentations regarding the account provided under the consumer contract, and the scope and applicability of the exclusions, and by the unreasonable and unfair manner in which the Defendants' processed the Plaintiff's requests, account

and claim and reached their decision to save the Defendants money by wrongfully denying assistance to Plaintiff, at the expense of the Plaintiff. The Defendants' conduct in the evaluation and processing of the Plaintiff's account and claim was fundamentally lacking in honesty and fairness which business concerns, particularly auto finance companies, are charged with, in dealing with consumers. The Defendants were on specific notice that their failure to fairly and honestly evaluate and assist the Plaintiff's account and claim was causing and would continue to cause the plaintiff significant financial damage, harm, and emotional and mental suffering.

## PRAYER
## XXIV.

WHEREFORE, Plaintiff prays Judgment against Defendants for Unlawful and Unfair Trade Practices as follows:

1. For Unlawful and Unfair Trade Practices compensatory damages in an amount according to proof at the time of trial;

2. For Bad Faith Punitive damages to Plaintiff in an amount according to proof at the time of trial;

3. Statutory Penalties and Reimbursement;

4. For Plaintiff's costs and expenses incurred herein, as well as court costs;

5. For interest on the total judgment from the date first due to the date of judgment herein, at the rate of 18% per annum;

6. For Plaintiff's attorneys fees pursuant to the insurance contract and/or A.R.S. §§ 12-341.01; and

7. For such other and further relief as the Court deems just and proper.

Dated this July 28, 2009.

By: 

Vincent Tampredi
Plaintiff

Copy of the foregoing served by process and mailed
This July 28, 2009, to:

The Maricopa County
Superior Court
-and-
Sovereign Bank
Sovereign BanCorp
Consumer Loan Servicing
Auto Department
P.O. Box 16255
Reading, PA 19612
-and-
Sovereign Bank
865 Brook Street
Rocky Hill, CT 06067
-and-
Santander BanCorp
207 Ponce de Leon Ave.
Hato Rey, PR 00917

and DOES I-X;
and BLACK CORPORATIONS, I-XX;
and WHITE PARTNERSHIPS, I-XX,
Defendants.

By:

VINCENT TANCREDI
2375 E. Tropicana Ave. #338
Las Vegas, Nevada 89119
(702) 742-4561

MICHAEL K. JEANES, CLERK
BY *M. M<sup>c</sup> Taggart* DEP.
FILED
09 JUL 28 PM 1:13

Plaintiff.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| VINCENT TANCREDI, | ) |
| | ) |
| | ) |
| | ) NO. CV2009-092715 |
| PLAINTIFF, | ) |
| | ) **CERTIFICATE OF** |
| vs. | ) **COMPULSORY** |
| | ) **ARBITRATION** |
| SOVEREIGN BANK et., al | ) |
| | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |

The undersigned certifies that the largest award sought by the
complainant, including punitive damages, but excluding interest,
attorneys' fees, and costs (does) does not exceed limits set by
Local Rule for compulsory arbitration.  This case is (is not)
subject to the Uniform Rules of Procedure for Arbitration.

SUBMITTED this ___ day of __July__, 20 09 .

BY _____

CCA

Form #200  LRD3/20/01  ALL RIGHTS RESERVED
© Clerk of Superior Court of Arizona in Maricopa County

MICHAEL K. JEANES, CLERK
BY
_U. Mc Taggart_ DEP
FILED

09 JUL 28 PM 1: 15

VINCENT TANCREDI
2375 E. Tropicana Ave. #338
Las Vegas, Nevada 89119
(702) 742-4561

Plaintiff.

# MARICOPA COUNTY SUPERIOR COURT
# IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| VINCENT TANCREDI,<br>individual capacity,<br><br>                                  Plaintiff,<br><br>v.<br><br>SOVEREIGN BANK et., al; and,<br>SOVEREIGN BANCORP et., al: and,<br>SANTANDER BANCORP et., al: and,<br>BANCO SANTANDER et., al; and,<br><br>BLACK CORPORATIONS I-XX; and,<br>WHITE PARTNERSHIPS I-XX; and,<br>DOES I-XX; and,<br>Other possible respondents,<br><br>                                  Defendants. | Case No.<br><br>CV2009-092715<br><br><br>**PLAINTIFF'S<br>REQUEST FOR<br>JURY TRIAL** |

PLEASE TAKE NOTICE that, Plaintiff, Vincent Tancredi,

Pursuant to Arizona Revised Statutes, Rules of Civil Procedure,

respectfully requests and demands a trial by jury.

Dated this July 28, 2009.

By: _____

Vincent Tancredi
Plaintiff

Copy of the foregoing served by process and mailed
This July 28, 2009, to:

The Maricopa County
Superior Court
-and-
Sovereign Bank
Sovereign BanCorp
Consumer Loan Servicing
Auto Department
P.O. Box 16255
Reading, PA 19612
-and-
Sovereign Bank
865 Brook Street
Rocky Hill, CT 06067
-and-
Santander BanCorp
207 Ponce de Leon Ave.
Hato Rey, PR 00917

and DOES I-X;
and BLACK CORPORATIONS, I-XX;
and WHITE PARTNERSHIPS, I-XX,
Defendants.

By: _____