**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **VINCENT TANCREDI,** | )<br>) |
| Plaintiff, | )   CIV 09-01876 PHX MEA<br>)   CIV 09-01877 PHX MEA |
| v. | )<br>)   ORDER |
| **SOVEREIGN BANK, SOVEREIGN BANCORP, SANTANDER BANCORP, BANCO SANTANDER, SANTANDER CONSUMER USA, DRIVE FINANCIAL SERVICES,** | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| **SOVEREIGN BANK, SOVEREIGN BANCORP, SANTANDER BANCORP, BANCO SANTANDER, SANTANDER CONSUMER USA, DRIVE FINANCIAL SERVICES,** | )<br>)<br>)<br>)<br>) |
| Counter-Plaintiffs, | )<br>) |
| v. | )<br>) |
| **VINCENT TANCREDI,** | )<br>) |
| Counter-Defendant. | )<br>) |

All of the parties to this matter have acquiesced to the exercise of magistrate judge jurisdiction, including the entry of final judgment.

**Procedural Background**

On July 28, 2009, Plaintiff Tancredi, who is a resident of Nevada and proceeding pro se, filed a case in the Maricopa County Superior Court asserting a cause of action for breach of contract and unfair business practices, breach of a contractual covenant of good faith, breach of the peace, and unfair collection practices pursuant to Arizona law incorporating federal law. See Docket No. 09-1877, Doc. 1, Exh. A (complaint filed in Maricopa County Superior Court case number 2009 cv 92715). Defendants removed the case to federal court on September 9, 2009.

On August 12, 2009, Plaintiff Tancredi, filed a complaint in the Maricopa County Superior Court (2009-24803). See Docket No. 09-1876, Doc. 1, Exh. A.  Plaintiff alleged Defendants engaged in unfair debt collection practices, pursuant to Arizona law and the federal Fair Debt Collection Practices Act (FDCPA). The complaint seeks injunctive relief and monetary damages. Defendants removed the matter to federal court on or about September 9, 2009.

On December 7, 2009, Plaintiff moved for leave to file an amended complaint and a motion to consolidate Docket No. 09-1876 and Docket No. 09-1877. See Doc. 11 & Doc. 12. The motions were granted on January 6, 2010. See Doc. 16. The Court also ordered Plaintiff to show cause why he had not served the Defendants in Docket No. 09-1876. See Doc. 6. Plaintiff moved for additional time to serve Defendants, which motion was granted, and eventually Defendants were served.

On July 2, 2010, Defendants filed notice that the parties had reached a settlement and sought a stay of the consolidated matters. See Doc. 34. The motion to stay was granted and the matters stayed until August 8, 2010. See Doc. 35. On August 5, 2010, Defendants filed another motion to stay and the matter was stayed until September 6, 2010. See Doc. 39. On October 8, 2010, Plaintiff filed a motion seeking expedited discovery and a motion seeking to lift any stay in this matter.

On October 13, 2010, Defendants[1] filed a motion seeking a more definite statement with regard to Plaintiff's claims. See Doc. 47. On January 5, 2011, noting that the last stay in the matter expired in September, the Court denied Plaintiff's motion to lift any stay and granted Defendants' motion for a more definite statement. See Doc. 51. The Court allowed Plaintiff, still proceeding pro se, to file a pleading giving a short and plain statement of Plaintiff's claims.

Plaintiff filed an amended complaint on February 7, 2011, and Defendants filed an answer to the complaint and a complaint stating counter-claims against Mr. Tancredi on February 22, 2011. Defendants also filed two motions to dismiss Plaintiff's claims.

In their motion to dismiss at Doc. 55, Defendants contend that the amended complaint should be dismissed for

---

[1] Defendant Drive Financial Services is an entity that no longer exists, as it was merged into Santander Consumer USA Inc., in 2006. Santander Bancorp and Banco Santander are foreign entities that have not been properly served under Rules 4(h), 4(e), or 4(f) of the Federal Rules of Civil Procedure. Sovereign Bank and Sovereign Bancorp are domestic entities that have not been properly served under Rules 4(h) or 4(e) of the Federal Rules of Civil Procedure. Accordingly, the motion to dismiss is only filed on behalf of Santander.

-3-

failure of service of process.

> On or about September 9, 2009, Plaintiff filed a lawsuit in the Maricopa County Superior Court against Santander, Drive Financial Services, Sovereign Bank, Sovereign Bancorp, Santander Bancorp, and Banco Santander. After the lawsuit was removed to federal court, Plaintiff filed a Proof of Service claiming that Defendant Sovereign Bank was served "c/o Santander Consumer USA, Inc." See Proof of Service, dated May 4, 2010. Plaintiff has failed to file a Proof of Service for Sovereign Bancorp, Santander Bancorp, or Banco Santander.

Doc. 55 at 2-3.

> Plaintiff attempted to serve Sovereign Bancorp by leaving a copy of the Summons and Complaint with Santander's registered agent. See Proof of Service, dated May 4, 2010. While Santander may own Sovereign Bancorp, the two entities are separate and distinct, and they do not share the same registered agent. Thus, Plaintiff has not properly served Santander Bancorp, Banco Santander, Sovereign Bank, or Sovereign Bancorp. Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice against Defendants Santander Bancorp, Banco Santander, Sovereign Bank, and Sovereign Bancorp pursuant to Rule 12(b)(5).

Id. at 4.

In response to the motion to dismiss at Doc. 55 Plaintiff asserts that Defendants' counsel of record has been "dodging" service on behalf of Defendants. See Doc. 60.

In the motion to dismiss at Doc. 56, Defendant contends the Court should dismiss Plaintiff's Amended Complaint because Plaintiff failed to file it by the February 4, 2011 deadline set by the Court. Defendant also argues that, if the Court excuses Plaintiff's failure to abide by the Court's

-4-

deadline, Counts II, III, IV, V, VI, VII, VIII, and the "bad faith" claim asserted in Count I of Plaintiff's Amended Complaint should be dismissed for failure to state actionable claims, asserting

> All but one of the claims set forth in Plaintiff's Amended Complaint fails as a matter of law. In particular, the claims set forth in counts I, II, III, IV, and VII fail to state a claim upon which relief can be granted, the claim set forth in Count VI is barred by the statute of limitations, and Plaintiff has no private right of action to assert the claims set forth in counts V and VIII.

Doc. 56 at 2.

**Standard Regarding Motion to Dismiss**

A Rule 12(b)(6) dismissal may be based on the failure of the complaint to state a claim for relief under a cognizable legal theory, or if the complaint is lacking sufficient facts to support a claim for relief under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990), quoted in Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008). When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. See Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009); Johnson, 534 F.3d at 1122; Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1003 (9th Cir. 2008).

Defendant contends Plaintiff has not alleged sufficient facts to establish that Defendant is liable to Plaintiff on a cognizable legal theory. A complaint must

provide a "short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2) (2009). To withstand a Rule 12(b) motion the complaint must, at a minimum, plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (holding that Twombly's "plausibility standard" applies to pleadings in civil actions generally, and rejecting the plaintiff's suggestion that the holding be limited to the antitrust context).

> Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555, 127 S. Ct. 1955. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556, 127 S. Ct. 1955. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1940-41.

Accordingly, a complaint must do more than state a conclusory allegation that a plaintiff's rights have been violated or that each element of the plaintiff's cause of action is established; the plaintiff must plead plausible facts that

-6-

indicate a cognizable basis for liability. Although a plaintiff need not set forth "specific facts" that describe the evidence to be presented, Erickson v. Pardus, 551 U.S. at 89, 93-94, 127 S. Ct. 2197, 2200 (2007), the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. See Twombly, 550 U.S. at 556 n.3, 127 S. Ct. at 1965 n.3. To survive Defendant's motion to dismiss, the non-conclusory "factual content," of Plaintiff's amended complaint, and the reasonable inferences which can be drawn therefrom, must be plausibly suggestive of a legitimate claim to relief. See Iqbal, 129 S. Ct. at 1949

**Factual Background**

On or about October 6, 2006, Plaintiff entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement (the "Contract") with Shumacher European, Ltd. ("Schumacher") for the purchase of a 2007 Mercedes (the "Vehicle"). The sales price of the vehicle was $32,525.00 and Plaintiff put a down-payment of $4,500.00 on the vehicle and financed $31,960.00. See Doc. 1, Exh. A (complaint) at XII. The Contract required Plaintiff to pay 72 monthly installments of $576.31. See id. & Doc. 56, Exh. 1.[2]

The Contract provided that Schumacher had a purchase money security interest in the Vehicle.

---

[2] Count I of Plaintiff's Amended Complaint sets forth two causes of action: breach of contract and "bad faith." Defendant Santander only moves to dismiss the "bad faith" claim. The contents of the Contract are alleged in Plaintiff's Amended Complaint. Therefore, the Court may consider the Contract without converting the motion to dismiss to one seeking summary judgment.

-7-

> Upon the happening of any of the foregoing Events of Default and at any time thereafter, we may, at our option, and without notice to you, declare all of your debt to us to be immediately due and payable, and ... we shall have the following specific rights: (a) To take immediate possession of the Vehicle without notice or resort to legal process and for such purpose to enter upon premises on which the Vehicle or any part thereof may be stored and to remove same therefrom ...; (c) If we take possession of the Vehicle, you will have the right to redeem the Vehicle by paying the net amount you own on this Contract.

The Contract also provided that Schumacher or any other "entitled party" could repossess, store, and sell the Vehicle upon Plaintiff's default.

The Contract was assigned to Sovereign Bank the same day it was executed by Plaintiff. See Doc. 56, Exh. 1 at 2. The contract stated that the debt and rights in the contract could be assigned.

Plaintiff made his monthly installment payments from October 2006 until October 2007. Plaintiff did not make any payments on the Contract after the September 2007 payment. Notwithstanding the failure to make payments during this time period, Plaintiff retained possession of the Vehicle for another eighteen months, until July 28, 2009, when Santander repossessed the vehicle. Prior to repossession of the Vehicle, Santander had acquired ownership of Sovereign Bank and began servicing Sovereign Bank's accounts, including Plaintiff's account.

Approximately five weeks after the vehicle was repossessed, on or about September 9, 2009, Plaintiff filed the two lawsuits in the Maricopa County Superior Court against

-8-

Santander and the other Defendants named in this litigation, which suits were removed to federal court by Defendants and consolidated as discussed supra. On January 19, 2011, Santander sold the Vehicle at auction.

### Count I  Breach of Contract/Bad Faith

The first count of the complaint alleges a cause of action based on breach of contract and also asserts that Defendant acted in bad faith.

Arizona law "implies a covenant of good faith and fair dealing in every contract." Bike Fashion Corp. v. Kramer, 202 Ariz. 420, 423, 46 P.3d 431, 434 (Ct. App. 2002), citing Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). Plaintiff claims that Defendant breached the implied duty of good faith and fair dealing by: 1) failing to provide him with notice that Santander acquired Sovereign Bank; 2) failing to provide him with the outstanding amount owed on the Contract; 3) failing to acknowledge Plaintiff's communications; 4) forcing Plaintiff to incur professional fees and expenses to assert his rights under the Contract; 5) refusing to conduct an internal investigation into Plaintiff's dispute; 6) deceiving and misleading Plaintiff; 7) misrepresenting provisions of the Contract; 8) "[e]ngaging in a pattern of unreasonable and deceitful conduct involving not only Plaintiff's account and claim, but also the account dispute and claims of other consumers of the Defendants' for years past"; and 9) repossessing the Vehicle. Plaintiff also claims that Santander breached the implied duty of good faith and fair dealing because Plaintiff does not have an account with any of the named

Defendants.

Plaintiff fails to set forth how he has suffered financial damages as a result of Santander's alleged breaches of the implied duty of good faith and fair dealing. Additionally, Plaintiff fails to set forth any facts to support a breach of the implied duty of good faith and fair dealing.

Defendant did not breach the contract. The Contract itself states that the debt and rights were being assigned to Sovereign Bank, and Plaintiff was aware of the assignment to Sovereign Bank. See Doc. 56, Exh. 1 at 1. Any alleged failure to provide Plaintiff with notice of the assignment of Plaintiff's account or alleged failure to provide Plaintiff with the outstanding amount owed on the Contract upon Plaintiff's default, failure to acknowledge Plaintiff's communications, or failure to conduct an internal investigation into Plaintiff's "dispute" or "claim," did not "impair the right of [Plaintiff] to receive the benefits which flow from [the Contract]." See Beaudry, 203 Ariz. at 91, 50 P.3d at 841.

Rather than Defendant breaching the contract the uncontested facts establish Plaintiff's breaches of the Contract. Despite ceasing to comply with the terms of the contract, i.e., paying the amount due from October of 2007 onward, Plaintiff retained possession of the Vehicle until July 28, 2009, without paying for said possession, until Defendant was finally able to repossess the Vehicle. Plaintiff breached the contract and Defendant exercised its legitimate options thereunder. None of the allegations contained in Plaintiff's Amended Complaint are enough to constitute a viable claim for

breach of the implied duty of good faith and fair dealing. Accordingly, Plaintiff's claim for breach of the implied duty of good faith and fair dealing should be dismissed with prejudice.

### Count II Conversion of Plaintiff's Property

Count II of the amended complaint asserts a cause of action for conversion. It is well-settled that "[c]onversion is an act of wrongful dominion or control over personal property in denial of or inconsistent with the rights of another." Sears Consumer Fin. Corp. v. Thunderbird Prods., 166 Ariz. 333, 335, 802 P.2d 1032, 1034 (Ct. App. 1990). See also Case Corp. v. Gehrke, 208 Ariz. 140, 143, 91 P.3d 362, 365 (Ct. App. 2004) The proper plaintiff in a conversion action is one who had the right to immediate possession of the chattel at the time of the alleged conversion. See, e.g., Universal Mktg. & Entm't, Inc. v. Bank One of Ariz., N.A., 203 Ariz. 266, 268, 53 P.3d 191, 193 (Ct. App. 2002).

Plaintiff had no legal right to possession of the Vehicle after he ceased making payments according to the terms of the Contract, and Plaintiff had no legal right to the Vehicle at the time it was repossessed. Indeed, "a very common way in which conversion may occur is by way of a refusal to surrender possession of the chattel to one who is entitled to it", a more apt description of Plaintiff's liability for possession of the Vehicle long after he had ceased making payments on it rather than Defendant's act in repossessing the vehicle. See William L. Prosser, Law of Torts 89 (4th ed. 1971).

Accordingly, Plaintiff's claim for conversion fails because Plaintiff did not have a right to possession of the

-11-

Vehicle at the time of Santander's repossession because Plaintiff had breached the contract by failing to make payments on the vehicle and the terms of the contract allowed Santander to repossess the vehicle upon Plaintiff's breach. Therefore, Count II of the amended complaint must be dismissed for failure to state a claim on which relief may be granted.

### Count III Unlawful Collection Activities

In Count III of the amended complaint Plaintiff asserts a cause of action for "unlawful collection activities." This claim must be dismissed because there is no such cause of action pursuant to Arizona common law. In response to Defendant's motion to dismiss which contends there is no such cause of action, Plaintiff does not cite to any legal authority for the proposition that Arizona recognizes a cause of action for "unlawful collection activities."

A court may dismiss a claim either because it lacks a "cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. See SmileCare Dental Grp. v. Delta Dental Plan of Calif., Inc., 88 F.3d 780, 783 (9th Cir. 1996), citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). The Court may dismiss a claim where there is either a "lack of a cognizable legal theory...." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Conclusory allegations that a defendant is liable to a plaintiff are insufficient to withstand a motion to dismiss. Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," Iqbal, 129 S. Ct. at 1950, and

therefore are insufficient to defeat a motion to dismiss for failure to state a claim. See In re Cutera Sec. Litig., 610 F.3d 1103, 1108 (9th Cir. 2010); Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003). The Court concludes that Plaintiff has not alleged a cognizable legal theory in Count III of the amended complaint and, accordingly, the claim must be dismissed. See SmileCare Dental Grp., 88 F.3d at 783.

**Count IV Violation of the Fair Debt Collection Practices Act**

In order to state an actionable claim for a violation of the Fair Debt Collection Practices Act ("FDCPA"), the plaintiff must name a defendant who fits within the statutory definition of a "debt collector." Defendant contends this claim fails because Defendant Santander is not a debt collector as that term is defined by the FDCPA. See Romine v. Diversified Collection Servs., 155 F.3d 1142, 1146 (9th Cir. 1998). The FDCPA defines "debt collector" as:

> The term does not include (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; [and] — (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts; ....

15 U.S.C. § 1692a(6) (emphasis added).

Santander is not a "debt collector" under the FDCPA because it was attempting to collect a debt for Sovereign Bank,

-13-

and Sovereign Bank was related to Santander by common ownership and/or affiliated by corporate control.  See 15 U.S.C. § 1692a(6)(b).  Therefore, Plaintiff's FDCPA claims must be dismissed with prejudice.

### Count V Fair Credit Reporting Act

The Fair Credit Reporting Act ("FCRA"), codified at 15 U.S. § 1681, et seq., creates a private right of action for willful or negligent noncompliance with its requirements requiring debt collection practices and fair credit reporting. The FCRA creates a private right of action when a "furnisher" provides any information to a credit reporting agency when the furnisher "knows or has reasonable cause to believe that the information is inaccurate."  15 U.S.C. § 1681s-2(a)(1)(A). However, section 1681 of the FCRA limits the private cause of action to claims arising under subsection (b), which duties are triggered upon notice of a dispute from a credit reporting agency.

The FCRA was enacted to ensure the accuracy and fairness of credit reporting.  See 15 U.S.C. § 1681(a). Specifically, the statute is designed to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit."  Id. § 1681(b). Section 1681s states that companies shall not furnish information about a consumer to a credit reporting agency if they have reason to know, or know, the information is false. Id. § 1681s-2(a-b).

Even assuming that Plaintiff's allegations could be interpreted as asserting that Defendant provided false

information to a credit reporting agency with malice or with the intent to injure him, the specific section of the FCRA that prohibits any person from providing false or inaccurate information to a credit reporting agency does not provide a private cause of action to consumers. The FCRA provides, in relevant part, that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). That section, however, includes no private right of action by consumers. See, e.g., Antoine v. State Farm Mut. Auto. Ins. Co., 662 F. Supp. 2d 1318, 1327 (M.D. Fla. 2009).

The amended complaint fails to allege any fact that would allow the Court to reasonably infer that Defendants are either a "furnisher" as defined in the FCRA, or committed any acts in violation of the FCRA giving rise to a private right of action by Plaintiff.

**Count VI Truth in Lending Act (TILA)**

The purpose of the Truth In Lending Act is to ensure that users of consumer credit are informed as to the terms on which credit is offered them. CITE. Plaintiff has not stated a proper TILA claim because Plaintiff alleges improprieties in a contract concluded in October of 2006 and TILA provides a one-year statute of limitations on such a claim. See 15 U.S.C. § 1640(c); Jones v. E*Trade Mortg. Corp., 391 F.3d 810, 812 (9th Cir. 2005). Any claim that Plaintiff was not informed of the terms on which credit was offered to him would have had to have

been asserted by October 2007. See 15 U.S.C. § 1640(c). Accordingly, Plaintiff's Truth In Lending Act claim is barred by the statute of limitations and must be dismissed with prejudice.

### Count VII Uniform Commercial Code

Plaintiff has asserted a cause of action for violation of the Uniform Commercial Code. This claim fails because Plaintiff does not identify any provision of the Uniform Commercial Code that was allegedly violated by Defendants.

### Count VIII Gramm Leach Bliley Act

Plaintiff has asserted a cause of action for violation of the Gramm Leach Bliley Act. This claim is not cognizable because there is no private right of action to enforce any term of the Gramm Leach Bliley Act ("GLBA").

Congress enacted the GLBA primarily to "enhance competition in the financial services industry by providing a prudential framework for the affiliation of banks, securities firms, insurance companies, and other financial service providers...." H.R. Rep. No. 106-434, at 245 (1999) (Conf. Rep.); 1999 U.S.C.C.A.N. 245 (1999). Sections 6801 through 6809 constitute the information privacy provisions of the GLBA, which require financial institutions falling within its purview to protect a client's privacy and confidentiality of nonpublic personal information. See 15 U.S.C. § 6803; In re Davis, 430 B.R. 902, 907 (D. Colo. 2010). However, the GLBA provides no private cause of action; the statue is clear that its provisions shall be enforced by federal and state authorities. See 15

-16-

U.S.C. § 6805;[3] <u>Dunmire v. Morgan Stanley DW, Inc.</u>, 475 F.3d 956, 960 (8th Cir. 2007) ("No private right of action exists for an alleged violation of the GLBA."); <u>In re Davis</u>, 430 B.R. at 907 ("By its terms, however, the [GLBA] does not create a private cause of action, nor is one implied. No court has ruled to the contrary."); <u>In re Gjestvang</u>, 405 B.R. 316 (E.D. Ark. 2009).[4]

Accordingly,

**IT IS ORDERED that** Defendants' motion (Doc. 56) to dismiss the amended complaint is **granted**.

**IT IS FURTHER ORDERED that** Defendants' motion (Doc. 55) to dismiss the amended complaint for failure of service is **denied without prejudice** as moot.

DATED this 12th day of May, 2011.

_____
Mark E. Aspey
United States Magistrate Judge

---

[3] This section provides that the GLBA and the regulations prescribed thereunder "shall be enforced by the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to financial institutions and other persons subject to their jurisdiction under applicable law ...."

[4] In July 2010, after Plaintiff filed this action but before he filed the amended complaint, section 6805 as well as other provisions of the GLBA were amended. See PL 111-203, 124 Stat. 1376 (July 21, 2010). The amendments do not alter the conclusion that Plaintiff has no private cause of action for his claims under the GLBA.